Thomas P. Riley
Law Offices of Thomas P. Riley, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3327
CA SBN No. 194706
Fax:  626-799-9795
TPRLAW@att.net
Tel:  626-799-9797

Attorneys for Plaintiff
J & J Sports Productions, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J & J Sports Productions, Inc., | Case No.: 2:17-cv-00190 |
| Plaintiff, | COMPLAINT |
| vs. | |
| Michael L. Johnson, individually and d/b/a Selma Avenue Bar & Grill; and Selma Avenue Bar and Grill, LLC, and unknown business entity d/b/a Selma Avenue & Grill, | |
| Defendants. | |

**PLAINTIFF ALLEGES:**

**<u>JURISDICTION</u>**

1.     Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2.     This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section

1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Alabama.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Alabama, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Northern Division of the Southern District of Alabama is proper because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County and/or the United States District Court for the Southern District of Alabama has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 950 South Bascom Avenue, Suite 3010, San Jose, California 95128.

7. Defendant Selma Avenue Bar and Grill, LLC, is specifically identified as the owner of the commercial establishment doing business as Selma Avenue Bar and Grill operating at 189 Selma Avenue, Selma, Alabama 36703 on the State of Alabama Alcohol Beverage Control Board Liquor License (Liquor License No. 010140024).

///

8. Defendant Michael L. Johnson is the sole individual specifically identified on the State of Alabama License Renewal Receipt issued for Selma Avenue Bar and Grill (Receipt No. 20130731000004642).

9. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 3, 2014 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant Michael L. Johnson had the right and ability to supervise the activities of Selma Avenue Bar and Grill, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 3, 2014 (the night of the *Program* at issue herein, as more specifically defined in Paragraph 16), Defendant Michael L. Johnson, as an individual specifically identified on State of Alabama License Renewal Receipt issued for Selma Avenue Bar and Grill, had the obligation to supervise the activities of Selma Avenue Bar and Grill, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the business permit was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 3, 2014 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant Michael L. Johnson specifically directed or permitted the employees of Selma Avenue Bar and Grill to unlawfully intercept and broadcast Plaintiff's *Program* at Selma Avenue Bar and Grill, or intentionally intercepted, and/ or published the *Program* at Selma Avenue Bar and Grill himself. The actions of the employees of Selma Avenue Bar and Grill are directly imputable to Defendant Michael L. Johnson by virtue of his acknowledged responsibility for the operation of Selma Avenue Bar and Grill.

12. Plaintiff is informed and believes, and alleges thereon that on Saturday, May 3, 2014, Defendant Michael L. Johnson as a managing member of Selma Avenue Bar and Grill, LLC, and an individual specifically identified on the State of Alabama License Renewal Receipt issued for Selma Avenue Bar and Grill, had an obvious and direct financial interest in the activities of Selma Avenue Bar and Grill, which included the unlawful interception of Plaintiff's *Program*.

///

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised, and/or authorized, and/or permitted, and/or ratified by Defendant Michael L. Johnson resulted in increased profits for Selma Avenue Bar and Grill.

14. Plaintiff is informed and believes, and alleges thereon that Defendant, Selma Avenue Bar and Grill, LLC is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Selma Avenue Bar and Grill operating at 189 Selma Avenue, Selma, Alabama 36703

## **COUNT I**

### **(Violation of Title 47 U.S.C. Section 605)**

15. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Floyd Mayweather, Jr. v. Marcos Rene Maidana WBC Welterweight Championship Fight Program,* telecast nationwide on Saturday, May 3, 2014 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Alabama, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in Paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Selma, Alabama located at 189 Selma Avenue, Selma, Alabama 36703.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

    (a) Statutory damages for each violation of in an amount to $10,000 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

///

(c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

**(Violation of Title 47 U.S.C. Section 553)**

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

(b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

(c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and each of them, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

///
///
///
///
///

Respectfully submitted,

Date: May 2, 2017

*/s/ Thomas P. Riley*
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
By:  Thomas P. Riley
Attorneys for Plaintiff
J & J Sports Productions, Inc.